# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00476-CR
## NO. 03-24-00477-CR

---

**Jerry John Leshikar, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 16-2397-K368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

---

## DISSENTING OPINION

I disagree that the evidence is sufficient in this case to support the revocation of Leshikar's community supervision. For that reason, I dissent.

The Court concludes that the evidence was sufficient to support that Leshikar violated Condition 1 by committing an offense. I agree with the Court that the allegation tracks the language of the electronic harassment offense under Subsection 42.07(a)(8) of the Texas Penal Code. However, I would conclude that the alleged incidents of harassment against former Mayor Rydall were matters of public concern, which the electronic harassment statute explicitly excludes. *See id.* The penal code adopts the definition of "matter of public concern" from the Civil Practice and Remedies Code Section 27.001. *Id.* § 42.07(d). As relevant here, a "'matter of public concern' means a statement or activity regarding . . . a public official." Tex. Civ. Prac. & Rem. Code § 27.001. As the Court correctly points out, Subsection 42.07(a)(8) was added to

the Penal Code in 2021.  We currently have little guidance on interpreting the language, "made in connection with a matter of public concern," in the criminal context.  When considering whether Leshikar's statements or activities were "regarding . . . a public official," Tex. Civ. Prac. & Rem. Code § 27.001, I am persuaded that they were.

All the complained of statements were related to a public official—the mayor—and posted on either the then-mayor's or the city's public Facebook pages.  *Cf. Owens v. State*, 728 S.W.3d 155, 169 (Tex. Crim. App. 2025) (showing significance of distinguishing between professional and private means of communication when Court concluded that Section 42.07(a)(7)—electronic harassment offense similar to one at issue here—was unconstitutional as applied when it prosecuted defendant for content rather than manner of sending repeated electronic messages and defendant had communicated through his former therapist's professional email rather than personal, and therapist could have but did not block defendant's messages).  Even though the mayor's family members were also mentioned, it was in the context of criticizing the mayor, a public official.  *See Entravision Communications Corp. v. Salinas*, 487 S.W.3d 276, 283 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied) (concluding statements by media outlet about mayor's father being detained by authorities with large sum of money was "a matter of public concern" that "related to a public official").  Although I agree with the Court that the Facebook posts were clearly "highly alarming, offensive, and upsetting to Rydell and his family," I would conclude that they were matters of public concern based on the relevant statutory language because they related to a public official.  *Cf. Klentzman v. Brady*, 456 S.W.3d 239, 262 (Tex. App.—Houston [1st Dist.] 2014), aff'd, 515 S.W.3d 878 (Tex. 2017) (explaining that "the arguably inappropriate or controversial character of a statement is irrelevant

2

to the question of whether the statement deals with a matter of public concern") (citation modified).

Although the Court concludes Leshikar has failed to brief this issue, and therefore has waived it, I am persuaded that Leshikar's brief adequately raised the issue. It is true, Leshikar focused his briefing on the arguments addressed in detail by the Court, and it is also true, that we have no obligation to make his arguments for him. However, I do not believe we are excluded from addressing his contention that the State "presented no evidence to prove the elements of a crime" and that his "behavior in 2021 which, though it may have been offensive, . . . was not proven to constitute an offense." Thus, I would sustain Leshikar's issue regarding the alleged violation of Condition 1 and address his sufficiency challenge to the other alleged violation.

The State alleged that Leshikar violated Condition 26 of his community supervision by threatening Officer Bentley. Officer Joyce did not testify to what the threat against Officer Bentley was. He testified that there was a "spirited exchange" about drug testing that Leshikar "handled poorly." However, he also testified that he was not present when the threat was made. Officer Bentley did not testify at the hearing and no affidavit from her is in the record. *Cf. Doyle v. State*, 661 S.W.2d 726, 730 (Tex. Crim. App. 1983) (noting that "State could not have proved its case without the testimony of" individual to whom threat was made). Although Officer Joyce testified that Officer Bentley "feels that it qualifies for the harassing component," this testimony does not establish whether the statement was objectively a threat. *See Manemann v. State*, 878 S.W.2d 334, 337 (Tex. App.—Austin 1994, pet. ref'd) (explaining that "[w]hether a particular statement may properly be considered to be a threat is governed by an objective standard—whether a reasonable person would foresee that the statement would be

3

interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault").  I cannot conclude that Officer Joyce's testimony that another person believed an act to be threatening or harassing without evidence of what the act was to be sufficient, even duly considering the less demanding burden of proof in community supervision revocation proceedings.

Officer Joyce also testified that Leshikar would be triggered when seeing Officer Bentley after being transferred to the mental health caseload and that he would pace around the lobby, look through windows to try to see her, cuss, and go outside and shout.  However, there was no testimony regarding how this behavior was a threat to Officer Bentley and no testimony that she was present when he was shouting or of what he was saying.  The Court of Criminal Appeals has explained that evidence of motive and opportunity alone is not evidence of a violation.  *See Hacker v. State*, 389 S.W.3d 860, 871 (Tex. Crim. App. 2013).  Rather, the Court explained that absent evidence that prohibited conduct actually occurred, the "evidence was mere 'suspicion linked to other suspicion.'"  *Id.* at 874.  Thus, I would sustain Leshikar's issue regarding the alleged violation of Condition 26.

For these reasons I dissent.

_____

Gisela D. Triana, Justice

Before Justices Triana, Theofanis, and Crump

Filed:   July 24, 2026

Do Not Publish